[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO CITE IN F.L. ROBERTS CO., INC. AND DAIRY MART, INC.
In April of 1987, Connecticut Light Power Company (hereinafter "CLP") brought this action against William B. Knight, d/b/a Knight's Service Station (hereinafter "Knight's") alleging that its property was contaminated by gasoline which leaked from underground storage tanks owned by Knight's. (Defendant's Memorandum of Law in Support of Motion to Cite In Party, p. 1.)
In March of 1991, Knight's brought a third-party action against F.L. Roberts Co., Inc. (hereinafter "Roberts") and Dairy Mart, Inc. (hereinafter "Dairy Mart") alleging that the contamination of plaintiff's property was caused by these third-party defendants. (Id.) On July 26, 1993, the court granted both CT Page 10987 third-party defendants' motions to strike the third-party action. (Id., 2.) On August 16, 1993, Knight's filed a motion to cite in party defendants, seeking to cite in Roberts and Dairy Mart as defendants, pursuant to General Statutes 52-102, for the purpose of apportionment only. In the accompanying memorandum of law, Knight's claims that on or about July 2, 1990, it discovered that Roberts and Dairy Mart experienced leakage from their gasoline storage tanks and were continuing contributors to the ongoing pollution problem on plaintiff's property. Both Roberts and Dairy Mart have filed memoranda of law in opposition, the latter claiming that its property is located one-third of a mile from the property of the plaintiff. (Dairy Mart's Supplemental Memorandum of Law in Opposition to Motion to Cite in Party Defendant, p. 12.)
General Statutes 52-102 and 52-572h establish a statutory scheme to allow a defendant to have a person named as a co-defendant, even over the objection of the plaintiff, if that person is potentially liable to the plaintiff. Brozdowski v. Southern Connecticut Gas Company, 7 Conn. L. Rptr. 237, 238 (August 21, 1992, Katz, J.). Section 52-102 is the proper vehicle for a defendant to bring negligent non-parties into the action in order to assure that the existing defendants are not liable for more than their proportionate share of the plaintiff's damages. Baker v. Franco, 7 Conn. L. Rptr. 622, 623 (November 25, 1992, Fuller, J.).
Roberts and Dairy Mart argue that any claim against them is barred by a two year statute of limitations pursuant to either52-584 or 52-577c. "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered . . . ." General Statutes 52-584. General Statutes52-577c provides a two year statute of limitations for any action to recover damages for personal injury or property damage caused by exposure to a hazardous chemical substance or mixture or hazardous pollutant released into the environment. This two year limitation begins from the date when the injury or damage complained of is discovered or in the exercise of reasonable care should have been discovered. General Statutes 52-577c(b).
The issue is whether a party can be cited in solely to apportion damages if a direct claim against that party is barred by the statute of limitations. While the Connecticut appellate courts have yet to address this issue, the superior court decisions are in conflict. Baker v. Franco, supra, 624. CT Page 10988
Superior court cases that allow a party to be cited in for apportionment only beyond the statute of limitations advance two theories for permitting the citing in. George v. Royer,5 Conn. L. Rptr. 301 (November 26, 1991, Pickett, J.), illustrates the first theory. See also Baker v. Franco, 7 Conn. L. Rptr. 622 (November 25, 1992, Fuller, J.); Brozdowski v. Southern Connecticut Gas Company, 7 Conn. L. Rptr. 237 (August 21, 1992, Katz, J.). In George, the court granted a third-party defendant's motion for summary judgment on the ground that any claim by the third-party plaintiff for money damages was barred by the statute of limitations. However, the court noted that it is necessary to determine the third-party defendant's degree of negligence so as to permit a determination of the defendant's degree of negligence.
Thus, the court reasoned, because apportionment can only be determined with regard to parties; General Statutes 52-572h(d); it is necessary for the third-party defendant to be a party to the original action for purposes of apportionment. While George involved a motion to implead, the court stated that a motion to cite in is the proper vehicle to accomplish defendant's goal.
A second theory for allowing a party to be cited in for apportionment only beyond the statute of limitations was adopted in Kennedy v. Martinez, 7 Conn. L. Rptr. 354 (September 18, 1992, Rush, J.). See also Krynitsky v. Dietiker, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 127274 (March 26, 1993). The court in Kennedy rejected the argument that the statute of limitations barred an action against a defendant who had been cited into the plaintiff's action beyond the limitation period. The court reasoned that because a claim for an assessment of the proportionate share of recoverable damages, pursuant to 52-572
(h), is not an "action to recover damages" within the meaning of52-584, that statute did not constitute a bar to citing in the party.
The court in Belanger v. Maynard, 6 Conn. L. Rptr. 553 (June 25, 1992, Berger, J.), adopted a different approach to the statute of limitations problem. This court ruled that the statute of limitations requires the denial of defendant's motion to cite in even for apportionment only. Paramount to the court's reasoning was the fact that the legislature had not seen fit to grant any exclusions or exemptions to this situation. In departing from the rationale enunciated in George, the court stated that "[i]f the legislature intended it to be otherwise, it is up to that body to CT Page 10989 change the situation." Id.
The applicable statute of limitations in the instant case is two years, pursuant to either General Statutes 52-584 or 52-577c. Thus, no action against Roberts or Dairy Mart could have been brought beyond two years from the date when the injury was first discovered. The motion to cite in Roberts and Dairy Mart, presently at issue, was filed August 24, 1993, six years after plaintiff's original complaint against Knight's. Furthermore, Knight's admits that it discovered Roberts and Dairy Mart's alleged leakage on or about July 2, 1990, a full three years prior to the filing of the present motion to cite in. The statute of limitations prohibits an action for damages against Roberts and Dairy Mart.
Knight's, while not contesting the application of the statute of limitations to bar an action for damages against Roberts and Dairy Mart, asserts that the statute of limitations is inapplicable to a motion to cite in for apportionment purposes only. Knight's relies on the rationale in George and Kennedy, as set forth herein. Of overriding concern to this court, however, is the fact that six years have gone by since the original complaint was filed. Will the pleadings ever be closed? Not only does a cited in defendant's ability to defend itself diminish significantly with the passage of time, but also the likelihood that such motions to cite in additional defendants are in fact meritless attempts to avoid liability increases similarly. The court finds the rationale of Belanger to be persuasive. Absent legislative approval the proposed action is time barred.
The motion to cite in F.L. Roberts Co. and Dairy Mart, Inc. is denied.
Carmody Torrance for plaintiff.
Gordon, Muir Foley for defendant.
Brenner, Saltzman Wallman for proposed defendant's. CT Page 10990